IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN AQUINO, #A5018716, | CIV. NO. 18-00037 SOM-RLP |
| Plaintiff, | ORDER DISMISSING COMPLAINT IN PART AND STAYING ACTION |
| vs. | |
| STATE OF HAWAII, HAWAIIAN MONARCH HOTEL, JOHN DOES 1-20, | |
| Defendants, | |

**<u>ORDER DISMISSING COMPLAINT IN PART AND STAYING ACTION</u>**

Pro se Plaintiff Brian Aquino is incarcerated at the Halawa Correctional Facility ("HCF"), and brings this action pursuant to 42 U.S.C. § 1983. Comp., ECF. No. 1. Aquino alleges Defendants the State of Hawaii, and State of Hawaii Doe Defendants 1-10; the Hawaiian Monarch Hotel and Hawaiian Monarch Hotel Doe Defendants 1-10 violated the Fourth Amendment when they entered a private apartment without a warrant and arrested him and his girlfriend.

Aquino's Complaint is DISMISSED in part pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a-b) for failure to state a colorable claim for relief. Aquino's claims

alleging that *his* personal rights were violated under the Fourth Amendment are STAYED. The Clerk is DIRECTED to administratively close this action.

## I. STATUTORY SCREENING

Because Aquino is a prisoner proceeding in forma pauperis the court is required to screen his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening pursuant to § 1915A). Under Rule 12(b)(6), a complaint must

"contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). If the complaint cannot be saved by amendment, dismissal without leave

to amend is appropriate.  *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**

Aquino's complaint, in its entirety, states:

> Both Defendants violated my Fourth Amendment rights, by teaming up at around 5:45 a.m. May 3 2017 to raid a privately owned apt[.] in a private an[d] exclusive part of the Hawaiian Monarch Hotel in Waikiki, without any kind of arrest warrant or search warrant and unannounced rammed the door down, with the aid of the Hotel security & management getting through a private lobby & elevator then on to the 22nd floor, to illeagaly [sic] arrest my girlfriend & I!

Comp., ECF No. 1, PageID #5.  Aquino names the "State of Hawaii + 10 John Does," and the "Hawaiian Monarch Hotel + 10 John Does," in their individual and official capacities as Defendants and seeks $150,000 from each Defendant.  *Id.*, PageID #1-2, 8.

## III.  **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the

4

color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights.  *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.  Aquino May Not Represent His Girlfriend**

Pursuant to 28 U.S.C. § 1654, "parties may plead and conduct their own cases personally."  In an action brought by a pro se litigant, the real party in interest must be the person who "has the right to be enforced."  *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008).  Aquino may not pursue relief on behalf of his girlfriend.  As she does not list herself as a party, her claims are DISMISSED with prejudice.

**B.  Eleventh Amendment Immunity**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official

capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject to suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

The State of Hawaii and damages claims against all Defendants named in their official capacities are DISMISSED with prejudice.

**C. The Hawaiian Monarch Hotel**

The Hawaiian Monarch Hotel is not a person and cannot act under the color of state law. It is not amenable to suit under § 1983; claims against the Hawaiian Monarch Hotel are DISMISSED with prejudice.

6

**D. Doe Defendants 1-20**

Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. The use of doe defendants is generally disfavored in the federal court because it is usually impossible for court officers to serve a summons and complaint on an anonymous defendant. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

If the names of individual defendants are unknown when a complaint is filed, however, a plaintiff may refer to the unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege facts to support how each particular doe defendant violated his constitutional rights. The plaintiff may thereafter use the discovery process to obtain the names of doe defendants whom he believes violated his constitutional rights and seek leave to amend to name those defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *See*

*Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642 (9th Cir. 1980)).

Aquino indiscriminately sues twenty Doe Defendants without alleging how each Doe Defendant individually violated his constitutional rights. Moreover, Aquino fails to identify specific facts showing how the Hawaiian Monarch Hotel Doe Defendants 1-10 acted under color of state law. This court recognizes that private individuals may be sued under § 1983 if they act in concert with, for example, law enforcement officers. *See Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (stating a private party may be liable under § 1983 if it "conspired or entered joint action with a state actor"). However, Aquino's allegations do not suffice to state a claim against Doe Defendants 1-20, and claims against them are DISMISSED without prejudice.[1]

---

[1] After the stay is lifted and this case is reopened, Aquino may reallege claims against doe defendants, subject to the limitations set forth in this order, but he must allege specific facts showing what each particular doe defendant did to violate his rights.

**E.  Fourth Amendment**

The Fourth Amendment secures "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures."  U.S. Const. amend. IV.  Thus, the Fourth Amendment protects individuals from unlawful arrest and gives rise to reasonable and legitimate expectations of privacy.  *Katz v. United States*, 389 U.S. 347, 350-51 (1967).  It is well established that "an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983."  *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988).

There are several problems with Aquino's Fourth Amendment claim.  First, accepting that all Doe Defendants were acting in concert with state officials under color of state law, and that they entered the Waikiki apartment without a warrant, Aquino sets forth insufficient facts for the court to reasonably infer that they did so without probable cause to arrest him.  Aquino's bare statement of facts is simply "a formulaic recitation of the elements of a [Fourth Amendment]

9

cause of action" *Twombly*, 550 U.S. at 555-557, "supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678. Aquino's claim lacks sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Second, Aquino is currently facing charges in the Circuit Court of the First Circuit, State of Hawaii, for Escape in the Second Degree, in violation of Haw. Rev. Stats. § 710-1021. *See State v. Aquino*, Cr. No. 1CPC-17-0001576 (1st Cir. Ct. 2017), available at: www.courts.state.hi.us. (last visited Feb. 6, 2018).[2] Aquino is charged with escape from the Waiawa Correctional Facility between April 18 and May 3, 2017, the date that he alleges Defendants entered the apartment without a warrant and arrested him. *See id.*, Docket Entry "Felony Information Complaint" (dated Nov.

---

[2] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *see also* Fed. R. Evid. 201(b).

10

7, 2017).  Trial call is set for the week of March 20, 2018.

Based on this, it appears that this court must abstain from adjudicating Aquino's Fourth Amendment claims under the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), which bars challenges to ongoing state criminal proceedings in federal court. *Younger* abstention applies regardless of whether the applicant seeks damages or declaratory or injunctive relief.  *See Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (per curiam) (holding § 1983 action for declaratory relief and damages barred "where such an action would have . . . a substantially disruptive effect upon ongoing state criminal proceedings"); *Gilbertson v. Albright*, 381 F.3d 965, 984 (9th Cir. 2004) (holding *Younger* abstention applies equally to actions seeking damages and/or declaratory and injunctive relief).

*Younger* abstention is required when: (1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3)

the state proceedings afford an adequate opportunity to raise the constitutional claims at issue. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of the Super. Ct.*, 23 F.3d 218, 223 (9th Cir. 1994).

Aquino is awaiting prosecution in a state criminal proceeding. There is a direct connection between the Fourth Amendment claims he raises here and that criminal proceeding. Hawaii has a significant state interest in enforcing and prosecuting criminal offenses under its laws. *See Younger*, 401 U.S. at 43-44. Aquino's criminal defense attorney may file motions or seek relief from the state court to address the Fourth Amendment violations he alleges here. All elements of the *Younger* test are satisfied, and the court must abstain from adjudicating Aquino's claims.

When *Younger* abstention applies, "federal courts should not dismiss actions where damages are at issue; rather, damages actions should be stayed until the state proceedings are completed." *Gilbertson*, 381 F.3d at 968; *accord Los Altos El Granada Investors v. City*

*of Capitola*, 583 F.3d 674, 689-90 (9th Cir. 2009) ("[B]ecause in damages cases there may yet be something for the federal courts to decide after completion of the state proceedings . . . [t]he district court-quite appropriately-did not dismiss under *Younger* but stayed the proceedings pending the final decision of the California courts.").

This policy is consistent with *Wallace v. Kato*, 549 U.S. 384 (2007), which holds that when a plaintiff files a civil claim "related to rulings that will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended." *Id.* at 393-94. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* [*v. Humphrey*, 512 U.S. 477 (1994),] will require dismissal;³ otherwise, the civil action will proceed,

---

³ Under *Heck*, "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
(continued...)

absent some other bar to suit." *Wallace*, 549 U.S. at 394.

The proper course here is to stay Aquino's damages claims (his only remaining claims), until his criminal proceedings have been adjudicated (through appeal). *See Rhoden v. Mayberg*, 361 Fed. App'x 895, 896 (9th Cir. 2010) ("district court properly dismissed . . . claims for declaratory and injunctive relief," but "claims for money damages should have been stayed until the state court proceedings are completed"); *Tomel v. Ross*, 2009 WL 3824742, at *3 (D. Haw. 2009) ("Claims for injunctive or declaratory relief are normally dismissed; claims for monetary damages may be stayed."); *Escobar v. LASD Male Doe*, 2017 WL 7050642, at *3 (C.D. Cal. Nov. 30, 2017), *report and recommendation adopted* 2018 WL 565696 (C.D. Cal. Jan. 24, 2018).

---

[3](...continued)
conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486–87.

## IV. CONCLUSION

(1) The Complaint is DISMISSED IN PART for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1). Aquino's claims raised on behalf of his girlfriend, and against the State of Hawaii, the Hawaiian Monarch Hotel, and Defendants named in their official capacities are DISMISSED with prejudice. Aquino's claims as alleged against Doe Defendants 1-20 are DISMISSED without prejudice. Aquino may amend these claims after this action has been reopened.

(2) This action is STAYED. Aquino SHALL report to the court within thirty days after the conclusion of his criminal proceedings, including direct review, in *State v. Aquino*, Cr. No. 1CPC-17-0001576 (1st Cir. Ct. 2017). At that time, Aquino SHALL NOTIFY the court of the outcome of his criminal proceeding and declare whether he intends to proceed with this action. If satisfied that there is no longer a need to abstain, the court shall reopen this action.

(3) IN THE ALTERNATIVE, Aquino may notify the court in writing within thirty [30] days of the date of this

Order that he elects to voluntarily dismiss this action without prejudice. In that event, the court will waive any further filing fees that may be owed.

(4) The Clerk of Court is DIRECTED to note that this suit is STAYED and to administratively close this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 12, 2018.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Aquino v. State*, 1:18-cv-00037 SOM-RLP; scrn 2017 Aquino 17-300 lek (dsm C lv amd)