IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BRIAN AQUINO, #A5018716, | ) CIV. NO. 18-00037 SOM-WRP |
| Plaintiff, | ) ORDER DISMISSING AMENDED |
| | ) COMPLAINT |
| vs. | ) |
| STATE OF HAWAII, HAWAIIAN MONARCH HOTEL, JOHN DOES 1-20, | ) |
| Defendants, | ) |

## ORDER DISMISSING AMENDED COMPLAINT

Before the court is pro se Plaintiff Brian Aquino's first amended prisoner civil rights complaint ("FAC") brought pursuant to 42 U.S.C. § 1983. Comp., ECF. No. 13. Aquino alleges that Defendants Hawaii Department of Public Safety ("DPS") Sheriffs Adrian Kanoa, Jeff Piimauna, Dexter Kauahi, Michael Hirst, Deven English, Christopher Lee, and Alexander Talavera violated the Fourth Amendment when they allegedly arrested him without a warrant or probable cause, with assistance from Defendant Cal Ganutan, a Hawaiian Monarch Hotel Security guard (collectively, "Defendants").

For the following reasons, the FAC is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a-b) for failure to state a colorable claim for relief. Aquino may file another amended complaint on or before August 5, 2019, if he is able to cure the deficiencies in his claims.

## I. STATUTORY SCREENING

The court is required to screen Aquino's amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). The court must dismiss a complaint or claim that is frivolous, malicious, fails to state a claim for relief, or seeks damages from defendants who are immune from suit. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Screening under §§ 1915(e)(2) and 1915A(b) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (screening under § 1915(e)(2)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (screening pursuant to § 1915A). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard.

2

*Id.; see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez,* 203 F.3d at 1130. If the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Trust v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  **BACKGROUND**

Aquino filed the original Complaint on January 26, 2018. ECF No. 1. The court screened that Complaint, dismissed it in part for failure to state a claim, and stayed the action pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), while his ongoing state criminal proceedings regarding the arrest at issue here were resolved. *See* Order, ECF No. 6. Aquino was notified that, after his state proceedings were concluded, he could file an amended complaint to address the deficiencies in his original Complaint after his state proceedings concluded, or voluntarily dismiss the action.

At the conclusion of his state criminal proceedings, Aquino moved to reopen the case. Mot., ECF No. 10. The court granted the Motion and directed Aquino to either file an amended

3

complaint or notify the court that he would voluntarily dismiss. Order, ECF No. 11.

On July 8, 2019, Aquino filed the FAC.  ECF No. 13.  Aquino cured certain noted deficiencies in his original complaint, omitting his girlfriend as a plaintiff, omitting the State and the Hawaiian Monarch Hotel as defendants, identifying the Doe Defendants, and naming Defendants in their individual capacities only.  In its entirety, the FAC's statement of facts alleges:

> On May 3, 2017 @ 5:45 AM 7 members from assigned to the sheriffs office, along with 1 member from the Hawaiian Monarch Hotel Security illeagally [sic] raided & arrested me in a privately owened [sic] room I was staying in. They gained entry to the hotel room with aid from the Hotel Security Gaurd [sic] & Hotel Management who provided CCTV surveillance & a hotel master key card without proof of any kind of warrant, to exact an illeagal [sic] arrest on me.  Therefor giving proof to my Fourth Amendment Complaint. As they in their individual capacities acted under the color of state law.

FAC, ECF No. 13, PageID #43-44.  Aquino again seeks $150,000 in damages from each Defendant and court fees.

### III.  **DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

4

Additionally, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A. Fourth Amendment**

The Fourth Amendment secures "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. Thus, the Fourth Amendment protects individuals from unlawful arrest and gives rise to reasonable and legitimate expectations of privacy. *Katz v. United States*, 389 U.S. 347, 350-51 (1967). It is well established that "an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." *Borunda v. Richmond*, 885 F.2d 1384, 1391 (9th Cir. 1988).

The Fourth Amendment "requires a prompt judicial determination of probable cause following an arrest made without a warrant and ensuing detention." *Powell v. Nevada*, 511 U.S. 79, 80 (1994); *Gerstein v. Pugh*, 420 U.S.103, 114 (1975) (holding "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest"); *Anderson v. Calderon*, 232 F.3d 1053, 1069 (9th Cir. 2000). A "prompt judicial determination of probable

5

cause" generally means presentation to a judge within forty-eight hours of the warrantless arrest. *Powell*, 511 U.S. at 80 (citing *Cty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)); *Anderson*, 232 F.3d at 1069.

Judicial determinations of probable cause to arrest that are made within forty-eight hours of arrest are presumptively reasonable, i.e., they do not violate the Fourth Amendment. Judicial determinations of probable cause to arrest that are made *more* than forty-eight hours after arrest are presumptively unreasonable, i.e., they violate the Fourth Amendment. *See McLaughlin*, 500 U.S. at 56-57; *Anderson*, 232 F.3d at 1069. The existence of probable cause to prosecute is a complete defense to both state and federal claims of malicious prosecution. *West v. City of Mesa*, 708 F. App'x 288, 293 (9th Cir. 2017) (citing *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004)); *Lacy v. Cty. of Maricopa*, 631 F. Supp.2d 1183, 1193 (D. Ariz. 2008); *Rivera v. Town of Patagonia*, 2018 WL 3304602, at *10 (D. Ariz. July 5, 2018); *see also Towse v. State*, 64 Haw. 624, 647 P.2d 696, 704 (1982) (holding existence of probable cause is an affirmative defense to false arrest and imprisonment); *Hicks v. Cty. of Hawaii*, 2009 WL 1507301, at *4, 209 P.3d 194 (Haw. App. 2009) (unpublished).

**B. Analysis**

Aquino's Fourth Amendment claim is still problematic. Accepting that Defendant Ganutan was acting in concert with DPS Sheriff Deputies Kanoa, Piimauna, Kauahi, Hirst, English, Lee, and Talavera under color of state law, and that Defendants entered the private Hawaiian Monarch Hotel apartment without a warrant, Aquino sets forth insufficient facts for the court to reasonably infer that they did so without probable cause to arrest him. Aquino's bare statement of facts is simply "a formulaic recitation of the elements of a [Fourth Amendment] cause of action," *Twombly*, 550 U.S. at 555-557, "supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678.

That is, Aquino's assertion that he was arrested and held without probable cause is simply a legal conclusion. A court "need not assume the truth of legal conclusions cast in the form of factual allegations." *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). Aquino's factual allegations are insufficient to plausibly infer that Defendants lacked probable cause to arrest him, or that they failed to seek and receive a judicial determination of probable cause within forty-eight hours after his arrest.[1]

---

[1] Aquino's allegations are made more implausible by the public notoriety of his arrest, which occurred several days after he had escaped with two other prisoners from an Oahu prison, an event that was widely reported. *See e.g.*, "Sheriffs capture third missing Waiawa inmate Brian Aquino," available at:

Aquino also fails to allege facts suggesting that Defendants had any part in the decision to bind him over for trial and keep him in jail after they arrested him. He fails to state a claim that Defendants falsely arrested and imprisoned him without probable cause. Aquino's claim lacks sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## IV. **LEAVE TO AMEND**

The FAC is DISMISSED with leave granted to amend on or before August 5, 2019. The amended pleading must address and cure the deficiencies noted above. Aquino may not expand his claims beyond those already alleged or add new claims without explaining how those new claims relate to the claims alleged in the original Complaint, and how they are linked to his claims against the named Defendants.

In any amended pleading, Aquino must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and **be**

---

https://www.khon2.com/news/local-news/sheriffs-capture-third-missing-waiawa-inmate-brian-aquino.

**submitted on the court's prisoner civil rights form**. An amended complaint supersedes the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Aquino fails to timely file an amended complaint that cures the deficiencies in his claims noted in this Order, this action will be automatically dismissed and may count as a "strike" under 28 U.S.C. § 1915(g).[2]

## V. CONCLUSION

(1) The First Amended Complaint is DISMISSED in keeping with 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

(2) Aquino may file an amended pleading on or before August 5, 2019. Failure to timely file an amended pleading that cures the deficiencies identified by this court will result in dismissal of this action without further notice and may result in a strike pursuant to 28 U.S.C. § 1915(g).

---

[2] Under 28 U.S.C. § 1915(g), a civil action by a prisoner proceeding in forma pauperis is barred:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(3) The Clerk is DIRECTED to send Aquino a prisoner civil rights complaint form so that he may comply with the directions of this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; July 12, 2019.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Aquino v. State*, 1:18-cv-00037 SOM-RLP; scrn '19 (dsm FAC lv amd)